## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ALBERT CLAYTON SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS, GEORGIA SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS, GEORGIA STATE BOARD OF ACCOUNTANCY, and GREEN, MOSIER & KEMP, LLC<br><br>    Defendants. | Case No. 1:24-cv-1789 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS GREEN, MOSIER & KEMP, LLC, AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS, and GEORGIA SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS' MOTION TO STAY DISCOVERY, PRETRIAL DEADLINES, AND LOCAL RULE DEADLINES**

Defendants Green, Mosier & Kemp, LLC ("GMK"), American Institute of Certified Public Accountants ("AICPA"), and Georgia Society of Certified Public Accountants ("GSCPA"), respectfully move this Court for an order staying discovery, all pretrial deadlines, and all local rule deadlines, until the Court rules on GMK and the co-defendants' pending Motions to Dismiss. GMK, AICPA, and GSCPA request that deadlines including the early planning/discovery conference, initial disclosures, and commencement of the discovery period be stayed pending

1

such rulings. GMK, AICPA, and GSCPA request that the discovery period be stayed until 30 days after the Court's final ruling on Defendants' Motions to Dismiss, that the deadlines for service of Initial Disclosures, per LR 26.1, and the Rule 26(f) Early Planning Conference, per LR 16.1, be extended until 30 days after the Court's final ruling on Defendants' Motions to Dismiss, and that the deadline for filing the Joint Preliminary Report and Discovery Plan, per LR 16.2, be extended to 30 days after the Early Planning Conference. GMK, AICPA, and GSCPA show good cause to grant this motion as follows:

Plaintiff Albert Clayton Simmons ("Simmons") filed his Complaint on April 24, 2024. (Complaint, Dkt. 1.) On July 11, 2024, GMK filed a Motion to Dismiss, and AICPA and GSCPA will file their joint motion to dismiss on or before the July 12, 2024, deadline. GMK, AICPA, and GSCPA have been informed that a similar Motion to Dismiss by co-defendant Georgia State Board of Accountancy will follow.

This Court has broad discretion in regulating discovery and is vested with the authority to "limit discovery and make any order which justice requires" to protect a party from, inter alia, annoyance or undue expense. *Moore v. Potter*, 141 Fed. App'x 803, 807-808 (11th Cir. 2005) (affirming the district court's stay of discovery pending resolution of a motion to dismiss). Further, the Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense,

such as a motion to dismiss based on failure to state a claim for relief … [should] be resolved before discovery begins." *Isaiah v. JP Morgan Chase Bank, N.A.*, 960 F.3d 1296, 1308-1309 (11th Cir. 2020) (quoting *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

GMK moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court should grant GMK' s Motion to Dismiss because: (1) there are no causes of action specifically lodged against GMK nor cognizable claim; (2) the Complaint is an impermissible shotgun pleading; (3) GMK is not a state actor and, therefore, cannot be held liable under Section 1983; (4) the Court lacks jurisdiction over GMK; (4) Simmons lacks standing to bring the case; and (5) the Georgia peer review statute, O.C.G.A. § 43-3-21(b), provides immunity to GMK. AICPA and GSCPA will file a similar motion to dismiss under Rule 12(b)(1) and (6).

These motions are dispositive of the case and, if granted, will entirely eliminate the need for discovery. The time and resources expended by the parties drafting initial disclosures, drafting a joint preliminary planning report and discovery plan, and conducting a Rule 26(f) conference will have been spent unnecessarily if the Court grants Defendants' Motion to Dismiss. Therefore, a stay will avoid unnecessary costs and preserve scarce judicial resources. See *Roberts v. FNB S. of Alma, Georgia*, 716 Fed. Appx. 854, 857 (11th Cir. 2017) (affirming

3

district court staying discovery until ruling on a motion to dismiss). GMK, AICPA, and GSCPA make this motion in good faith, and no prejudice will result to any party should this Court grant the request to stay.

Therefore, GMK, AICPA, and GSCPA respectfully request that the Court temporarily stay discovery and deadlines for: (1) the Rule 26(f) Early Planning Conference, per LR 16.1; (2) the Joint Preliminary Report and Discovery Plan, per LR 16.2; and (3) initial disclosures. GMK, AICPA, and GSCPA propose that the discovery period be stayed until 30 days after the Court's final ruling on Defendants' Motions to Dismiss, that the deadlines for service of Initial Disclosures, per LR 26.1, and the Rule 26(f) Early Planning Conference, per LR 16.1, be extended until 30 days after the Court's final ruling on Defendants' Motions to Dismiss, and that the deadline for filing the Joint Preliminary Report and Discovery Plan, per LR 16.2, be extended to 30 days after the Early Planning Conference.

A proposed order is attached hereto.

Respectfully submitted, this the 11th day of July, 2024.

*/s/ Lewis P. Perling*
Matthew A. Gass
Georgia Bar No. 360755
mgass@stites.com
Lewis P. Perling
Georgia Bar No. 572379
lperling@stites.com

4

*Counsel for Green, Mosier & Kemp, LLC*

STITES & HARBISON PLLC
303 Peachtree Street N.E.
Suite 2800
Atlanta, Georgia 30308
Ph: (404) 739-877
Fax: (404) 739-8870

**Counsel for Defendants American Institute of Certified Public Accountants and the Georgia Society of Certified Public Accountants**

/s/ Peter D. Sullivan

Peter D. Sullivan
Michael C. Stephenson
Hinshaw & Culbertson, LLP
151 N. Franklin St., Ste. 2500
Chicago, Illinois   60606
(312) 704-3000
psullivan@hinshawlaw.com
mstephenson@hinshawlaw.com

/s/ Dwayne Pope

N. DeWayne Pope
Gordon Rees Scully Mansukhani
55 Ivan Allen Jr., Blvd. N.W., Ste. 750
Atlanta, GA 30308
205-980-8200
dpope@grsm.com

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

I hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel of record and that the foregoing complies with font and point selection approved by this Court in Local Rule 5.1. Further, I hereby certify that I have this day served the foregoing via First-Class U.S. Mail and email to, Plaintiff, pro se:

Albert Clayton Simmons
124 Wallnut Hall Circle
Woodstock, GA 30189
acspc.cpa@gmail.com

This the 11th day of July, 2024.

*/s/ Lewis P. Perling*
Lewis P. Perling
Georgia Bar No. 572379